IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3055-FL

| | |
|---|---|
| WILLIAM J. NEAL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DWAYNE DEAN, L.D. BETHEA, ) | |
| BRYANT CANADY, CHRISTOPHER ) | |
| ROGERSON, CHRISTINA MUMMA, ) | |
| C. BRANSON VICKORY, III, and J. ) | |
| MICHAEL RICKS, ) | |
| ) | |
| Defendants. ) | |

The matter comes before the court upon defendants' motions to stay discovery (DE 50, 52). Also before the court are plaintiff's motion for legal documents (DE 62) and motion for a temporary restraining order (DE 63). The issues raised were fully briefed and are ripe for adjudication.

The court begins with the motions to stay discovery. Defendants Christina Mumma and Diane Hamilton move the court for an order protecting them from plaintiff's outstanding discovery requests and staying any further discovery in this matter pending the court's decision on their pending respective motions to dismiss. A district court has the authority pursuant to Federal Rule of Civil Procedure 26(c) to establish limitations on discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Research, Inc. of Georgia, 852 F.2d 788, 792 (4th Cir. 1988); Yongo v. Nationwide Affinity Ins. Co. of America, No. 5:07-CV-94, 2008 WL 516744, at *2 (M.D.N.C. Feb. 25, 2008). The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of

dispositive motions. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), aff'd, 85 F. App'x 333 (4th Cir. 2004), cert. denied, 543 U.S. 819 (2004); see, e.g., Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) (endorsing the trial court's decision to stay discovery pending resolution of a Rule 12(b)(1) motion), overruled on other grounds by, Sheridan v. United States, 487 U.S. 392 (1988).

Where good cause has been shown why discovery should be stayed pending decision on the motions to dismiss, in the court's discretion, the motions to stay are ALLOWED. After decision on the pending motion to dismiss, should the case remain, the court will lift the stay, and establish new case deadlines, including for the conduct of discovery and the making of any dispositive motions.

The court now turns to plaintiff's motion for legal documents. Plaintiff requests that the court provide him with various discovery materials which are not within the court's custody. Plaintiff, instead, must make his discovery requests to the appropriate parties pursuant to the Federal Rules of Civil Procedure governing discovery. To the extent plaintiff seeks discovery materials from defendants Mumma or Hamilton, plaintiff must make such requests, if applicable, subsequent to the court's ruling on the pending dispositive motions. Based upon the foregoing, plaintiff's motion for legal documents is DENIED.

Finally, the court addresses plaintiff's motion for a temporary restraining order. Plaintiff, in essence, requests a court order enjoining defendants from withholding exculpatory evidence.

Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P.

65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008).

Plaintiff failed to demonstrate that he likely is to succeed on the merits. Further, plaintiff has not demonstrated that the requested injunctive relief is in the public interest. Accordingly, the balance of equities is in favor of defendants. Moreover, in seeking discovery, plaintiff must comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which require that the movant certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions. Based upon the foregoing, the court concludes that plaintiff's motion for a temporary restraining order is DENIED.

In summary, the motion to stay discovery (DE 50, 52) filed by defendants Mumma and Hamilton are GRANTED, and discovery is stayed as to these defendants pending resolution of their respective motions to dismiss. Plaintiff's motion for legal documents (DE 62) and motion for a temporary restraining order (DE 63) are DENIED.

SO ORDERED, this the 22nd day of January, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge